# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR IMMIGRATION STUDIES,<br>1629 K Street NW, Suite 600<br>Washington, DC 20006<br><br>                                    Plaintiff,<br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES,<br>General Counsel<br>200 Independence Avenue SW<br>Washington, DC 20201<br><br>                                    Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff Center for Immigration Studies ("**CIS**" or "**Plaintiff**") brings this action against U.S. Department of Health and Human Services ("**HHS**" or "**Defendant**") to compel compliance with the Freedom of Information Act ("**FOIA**"), 5 U.S.C. § 552. Plaintiff alleges the following grounds:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff CIS is a non-profit, research and educational foundation organized under the laws of the District of Columbia and having its principal place of business at 1629 K Street, NW, Suite

600, Washington, D.C. Plaintiff seeks to educate immigration policymakers, the academic community, news media, and concerned citizens with reliable information about the social, economic, environmental, security, and fiscal consequences of legal and illegal immigration into the United States. In furtherance of its public interest mission, Plaintiff regularly requests access to the public records of federal agencies, entities, and offices, and disseminates its findings to the public for free.

4. Defendant HHS is an agency of the U.S. Government headquartered at 200 Independence Avenue, SW, Washington, DC 20201. HHS has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On June 23, 2025, Defendant received via email two FOIA requests from Plaintiff which sought the following records ("**FOIA Requests**"):

> **For each unaccompanied alien child that the agency or its agents were unable to contact as part of its "safety and well-being follow up call",[1] from January 20, 2021 through January 20, 2025, please provide all records sufficient to show all and/or any of the following categories of information:**
>
> **a) Category of Sponsor (i.e., Category 1, Category 2, Category 3, or Category 4)**
> **b) Zip code of Sponsor**
> **c) Applicable date**
>
> **Information helpful to fulfilling the request: Requester would prefer responsive records to be extracted into an excel spreadsheet. According to the ORR Unaccompanied Alien Children Bureau Policy Guide, Section 2.8.4, it states,**
>
>> **Care providers must conduct a Safety and Well-Being Follow Up Call with an unaccompanied alien child and their sponsor 30 days after the release date. The purpose of the follow up call is to determine**

---

[1] https://acf.gov/orr/policy-guidance/unaccompanied-children-program-policy-guide-section-2#2.8.4.

> whether the child is still residing with the sponsor, is enrolled in or attending school, is aware of upcoming court dates, and is safe. The care provider must document the outcome of the follow up call in the child's case file, including if the care provider is unable to contact the sponsor or child after reasonable efforts have been exhausted.

**Furthermore, According to the New York Times[2],**

> H.H.S. is supposed to call all children a month after they begin living with adult sponsors. But data obtained by The Times **showed** that over two years, the agency could not reach more than 85,000 children.

(**Exhibit 1**.)

**The entire "Excel sheet with call outcomes"[3] that the "UC program manually compiles" regarding the agency's "safety and well-being follow up call"[4] for unaccompanied alien children.**

**Information helpful to fulfilling the request: According to the government's Digital Corps website,**

> ORR's care providers must conduct a Safety and Well Being (SWB) Follow-Up Call with an unaccompanied child and their sponsor 30 days after the child's release. The purpose of the follow-up call is to determine whether the child is still residing with the sponsor, is enrolled in or attending school, is aware of upcoming court dates, and is safe. . . . care providers must document the outcome of the follow-up call in the child's case file. . . . <u>The UC program manually compiles an Excel sheet with call outcomes in a time-intensive process.</u>

(**Exhibit 2**.)

---

[2] https://www.nytimes.com/2024/02/15/us/migrant-child-labor-review.html
[3] https://digitalcorps.gsa.gov/projects/acf-improving-post-release-care-to-migrant-children-and-sponsors/.
[4] https://acf.gov/orr/policy-guidance/unaccompanied-children-program-policy-guide-section-2#2.8.4.

6. On June 24, 2025, Defendant sent Plaintiff two acknowledgment letters via email which assigned the FOIA Requests tracking numbers 2025-03141-FOIA-OS and 2025-03142-FOIA-OS respectively. (**Exhibit 3** and **Exhibit 4**.)

7. Despite the expiration of the time limits prescribed by FOIA, as of the date of this Complaint, Defendant has yet to provide Plaintiff a "determination" for its FOIA Requests as required by law. *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013) (Within the time limits prescribed by FOIA, to trigger the administrative exhaustion requirement, "the agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse.")

## COUNT I
## FAILURE TO MAKE DETERMINATION BY REQUIRED DEADLINE
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

8. Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9. Defendant is in violation of FOIA.

10. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

11. Plaintiff has no adequate remedy at law.

12. Defendant was required to make a final determination on Plaintiff's FOIA Requests no later than August 6, 2025. Because Defendant failed to make a final determination on Plaintiff's

FOIA Requests within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative remedies.

### **REQUESTED RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Declare that Defendant's current and continued delay in processing Plaintiff's FOIA Requests is unlawful under FOIA;

b. Order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA Requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA Request;

c. Order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA Requests and a *Vaughn* index of any responsive records withheld under any claimed exemption;

d. Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA Requests;

e. Maintain jurisdiction over this action until Defendant complies with FOIA and all orders of this Court;

f. Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

g. Grant Plaintiff such other relief as the Court deems just and proper.

\
\
\
\

\

\

\

| | |
|---|---|
| Dated:    August 27, 2025 | Respectfully submitted, |

*/s/ Colin M. Farnsworth*
Colin M. Farnsworth
D.C.C. Bar I.D. # OR0022
Center for Immigration Studies
1629 K Street, NW, Suite 600
Washington DC, 20006
202-466-8185 ext. 126
cmf@cis.org